## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

VICTORIA OFORIWAH TWUMASI
ANKRAH, on behalf of herself and
others similarly situated,

      Plaintiff,

v.

AMERICA FIRST MOVING
SERVICES, LLC

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
/

Case No.

## CLASS ACTION COMPLAINT

Plaintiff Victoria Oforiwah Twumasi Ankrah (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.    As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been

fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     However, the TCPA doesn't only restrict robocalls.

3.     Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

4.     "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations

that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

5.    Plaintiff bring this action under the TCPA alleging that America First Moving Services, LLC ("Defendant") called the Plaintiff, whose number is on the National Do Not Call Registry, including some calls which utilized highly-illegal prerecorded messages. Those calls were made without the call recipient's prior express consent.

6.    Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

7.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

8.     Plaintiff is a natural person who at all relevant times resided in this District.

9.     Defendant is limited liability company headquartered in Deerfield Beach, Broward County, Florida.

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

11.     The Court has specific personal jurisdiction because the Defendant made the telemarketing calls at issue into this District.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were received in this District.

## BACKGROUND

The National Do Not Call Registry

13.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone

solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.    47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA Prohibits Prerecorded Calls to Residential Lines</u>

16.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

17.    The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes." 47 U.S.C. § 227(b)(1)(B).

18.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

19.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

## FACTUAL ALLEGATIONS

20.    Plaintiff is the regular and sole user of telephone number (XXX) XXX-7225.

21.    Plaintiff uses telephone number (XXX) XXX-7225 as a personal residential number.

22.    Plaintiff uses her cell phone number for personal use only as one would use a landline telephone number in a home.

23.    Plaintiff uses her cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

24.    Plaintiff does not have any other telephone numbers.

25.    Plaintiff personally pays for her cell phone plan, and is not reimbursed by a business.

26.    Plaintiff has never had her cell phone number associated with a business.

27.    Plaintiff has never used her cell phone number in any business or marketing materials.

28.    Plaintiff's telephone number has been registered with the National Do Not Call Registry since April 29, 2005.

29.    Despite this, Defendant made at least five calls and sent at least two text messages to Plaintiff in December 2025.

30.    Plaintiff first received a text message from Defendant on December 15, 2025 from caller ID (754) 333-1991.

31.    Plaintiff immediately responded "stop."

32.    The text messages are provided below.



33.     Despite responding "stop," Defendant sent Plaintiff another text message from short code 87512 to which the Plaintiff also responded "stop."

34.     The Defendant did not stop, however, and proceeded to call Plaintiff at least five times from caller ID (205) 707-5400 from December 15 through December 18, 2025.

35.     During each of these calls, Defendant left Plaintiff a prerecorded voicemail.

36.     On December 15, Plaintiff received a voicemail from Defendant that stated, "…our latest moving service packages. You can reach me at 954-833-5296. Talk soon, thanks."

37.     On December 16, Plaintiff received a prerecorded voicemail from Defendant that stated, "Hello, this is Samantha with America First Moving Services. Give me a call back to review our latest moving service packages.  You can reach me at 954-833-5296.  Talk soon, thanks."

38.     On December 17, Plaintiff received two voicemails from Defendant, both of which were the identical two voicemails she had previously received from Defendant on the preceding two days.

39.     On December 18, Plaintiff received another prerecorded voicemail from Defendant.

40.     Defendant's calls to Plaintiff were made to advertise and market its moving services business.

41.     The voicemails left for Plaintiff were artificial and prerecorded because the voice did not sound like a real human, but a robot.

42.     Moreover, the two sets of voicemails were identical in tone, speech, pattern and content.

43.     The calls were made to Plaintiff well over thirty-one days prior to Plaintiff's number being registered on the National Do Not Call Registry.

44.     The calls were made to advertise the Defendant's products and services.

45.     The calls were nonconsensual encounters.

46.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

47.     Plaintiff never provided her consent or requested the calls.

48.     Plaintiff did not request information or promotional materials from Defendant.

49.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded. They were not provided legally compliant opt out mechanisms.

Furthermore, the calls unnecessarily used power, network resources, tied up landlines from receiving other calls, and wear and tear.

50.    Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

51.    Upon information and good faith belief, Defendant knew, or should have known, that telephone number (XXX) XXX-7225 was registered with the DNC Registry.

## CLASS ACTION ALLEGATIONS

52.    Plaintiff incorporates by reference all other paragraphs of the Complaint as if fully stated herein.

53.    Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

54.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their residential telephone or any other protected telephone service (3) from or on behalf of the Defendant (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more

than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

55.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

56.    Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

57.    Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

58.    The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

59.    The class is ascertainable because it is defined by reference to objective criteria.

60.    In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

61.    Plaintiff's claims are typical of the claims of the members of the class.

62.    Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

63.    Plaintiff's claims are based on the same theories as are the claims of the members of the class.

64.    Plaintiff suffered the same injuries as the members of the class.

65.    Plaintiff will fairly and adequately protect the interests of the members of the class.

66.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

67.    Plaintiff will vigorously pursue the claims of the members of the class.

68.    Plaintiff has retained counsel experienced and competent in class action litigation.

69.    Plaintiff's counsel will vigorously pursue this matter.

70.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

71.    The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

72.    Issues of law and fact common to all members of the class are:

    a.  Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b.  Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

c.  Whether Defendant's conduct constitutes a violation of the TCPA; and

d.  Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

73.  A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

74.  If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

75.  The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

76.  The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

77.  These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

78.    The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

79.    The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

80.    There will be no extraordinary difficulty in the management of this action as a class action.

81.    Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

<u>**Count I**</u>
**Statutory Violations of the Telephone Consumer Protection Act**
**(47        U.S.C. § 227(b)(1)(B) and/or (b)(1)(A)(iii)) on behalf of the**
**Robocall Class)**

82.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

83.    The Defendant violated the TCPA by sending or causing to be sent calls to the residential telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

84.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

85.    The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

86.    Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## Count II
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

87.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

88.    The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

89.    Defendant's violations were negligent, willful, or knowing.

90.    As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

91.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    Determining that this action is a proper class action;

B.    Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

C.    Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

D.      Adjudging and declaring that Defendant violated 47 U.S.C. §

227(c)(5);

E.      Injunctive relief prohibiting Defendant from calling telephone

numbers advertising their goods or services, except for emergency purposes, to any

residential number on the National Do Not Call Registry in the future;

F.      Injunctive relief prohibiting Defendant from using artificial or

prerecorded voices to contact residential telephone lines and other protected lines,

except for emergency purposes, in the future;

G.      Awarding Plaintiff and the members of the class damages under 47

U.S.C. § 227(c)(5)(B);

H.      Awarding Plaintiff and the members of the class treble damages under

47 U.S.C. § 227(c)(5)(C);

I.      Awarding Plaintiff and the class reasonable attorneys' fees, costs, and

expenses under Rule 23 of the Federal Rules of Civil Procedure;

J.      Awarding Plaintiff and the members of the class any pre-judgment

and post-judgment interest as may be allowed under the law; and

K.      Awarding such other and further relief as the Court may deem just and

proper.

# JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 5th day of February, 2026.

/s/ Valerie Chinn
Valerie Chinn, Georgia Bar No. 248468
Attorney at Law
CHINN LAW FIRM, LLC
245 N. Highland Ave.
Suite 230 #7
Atlanta, GA 30307
Direct:  404-955-7732
Email:  vchinn@chinnlawfirm.com

Anthony I. Paronich *
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

Counsel for Plaintiff and the proposed class

* Pro hac vice application to be filed

19