**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| VICTORIA OFORIWAH TWUMASI ANKRAH, on behalf of herself and others Similarly situated, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:26-cv-00666-TWT |
| | ) |
| AMERICA FIRST MOVING SERVICES, LLC | ) ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT**

## I.    INTRODUCTION

Plaintiff's Opposition attempts to avoid dismissal by insisting that purported factual disputes regarding consent and revocation timing preclude dismissal at this stage. But in doing so, Plaintiff ignores that Article III standing remains a threshold jurisdictional requirement that she bears the burden of establishing, and Defendant's factual Rule 12(b)(1) challenge permits the Court to weigh the evidentiary record and need not take the plaintiff's allegations as true in determining whether Plaintiff has met that burden. *Gardner v. Mutz*, 962 F.3d 1329, 1340 (11th Cir. 2020). At bottom, Plaintiff's arguments fail for three independent reasons.

1

First, Plaintiff fails to address the latitude that the Court has in determining standing under a defendant's Rule 12(b)(1) factual challenge. The Eleventh Circuit has repeatedly held that, when resolving a factual challenge to standing, the Court may consider evidence outside the pleadings, weigh competing evidence to determine contested issues of fact, and reject allegations contradicted by the evidentiary record. *See Kennedy v. Floridian Hotel, Inc.,* 998 F.3d 1221, 1230 (11th Cir. 2021); *Gardner*, 962 F.3d at 1340.

Here, Defendant submitted sworn declarations supported by metadata, timestamps, screenshots, IP geolocation data, and third-party records demonstrating that Plaintiff's phone number was submitted through an online inquiry form expressly authorizing automated communications, and that the phone number was first verified by the end user prior to the marketing telephone contact at issue here. Plaintiff responds only with a conclusory denial, disclaiming that she submitted the inquiry. That self-serving declaration does not require the Court to disregard concrete objective evidence establishing consent.

Second, Plaintiff cannot establish Article III standing because any alleged injury is traceable to her own conduct rather than unlawful conduct by Defendant. As courts have recognized—including this Court in *Hall v. Xanadu Marketing, Inc.*—a plaintiff who requests communications through an online inquiry form cannot later transform those requested communications into an actionable TCPA

injury merely by denying consent after the fact. Because the communications at issue were expressly authorized, Plaintiff cannot plausibly establish either an unlawful invasion of privacy or an injury fairly traceable to Defendant.

Third, Plaintiff's revocation theory independently fails because the Complaint itself alleges that Defendant ceased communications within approximately three to four days and after only five total calls. Although the TCPA does not create a categorical safe harbor for post-revocation communications, Plaintiff still must plausibly allege that Defendant acted unreasonably. Allegations that communications ceased within days of the alleged revocation request—and well within the TCPA's contemplated processing period—do not plausibly establish a TCPA violation or any concrete injury traceable to unlawful conduct.

For these reasons, and those set forth below and in Defendant's opening memorandum, the Complaint should be dismissed.

## II.    ARGUMENT

### A. The Court May Weigh Evidence on Defendant's Rule 12(b)(1) Factual Challenge and Need Not Accept Plaintiff's Allegations as True.

Plaintiff argues that her declaration denying that she visited the subject website, submitted her information, or consented to communications creates a factual dispute that precludes dismissal. (*See* Pl.'s Opp'n at 5-8.) That argument misunderstands the nature of Defendant's Rule 12(b)(1) factual challenge and the Court's role in resolving jurisdictional disputes. On a factual Rule 12(b)(1)

challenge, the Court is not required to accept Plaintiff's allegations as true and may independently evaluate evidence outside the pleadings. *Gardner*, 962 F.3d at 1340. As the Eleventh Circuit explained in Gardner, "[f]actual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings," and when confronting such an attack, "the district court is free to independently weigh facts and make the necessary findings." *Id.* Likewise, The Eleventh Circuit further held that "no presumptive truthfulness attaches to plaintiff's allegations" in the context of a factual jurisdictional challenge, and the existence of disputed facts does not prevent the Court from evaluating the merits of jurisdictional claims for itself. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal citations omitted).

District courts resolving factual standing challenges may consider declarations, affidavits, and other extrinsic evidence and are not constrained to view the evidence in the light most favorable to the plaintiff. *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1336 (11th Cir. 2013). And where appropriate, courts may make credibility determinations in resolving jurisdictional disputes. *Kennedy v. Floridian Hotel, Inc.,* 998 F.3d 1221, 1233, fn 5 (11th Cir. 2021) (citing *Lawrence,* 919 F.2d at 1529.) That authority is directly applicable here.

Defendant has not merely asserted in conclusory fashion that Plaintiff consented to communications, but has submitted concrete and objective evidence establishing that she did. That evidence includes sworn declarations supported by

4

metadata, timestamps, screenshots, IP geolocation data, and third-party records demonstrating precisely when and how Plaintiff's phone number was submitted through the online inquiry form at issue. (*See* Geraud Decl. at ¶¶ 16-22; Geraud Second Decl. at ¶¶ 4-18.) The evidence reflects that the submission originated from an IP address geolocating to Plaintiff's geographic area (Atlanta, GA) and that the form expressly authorized automated communications. (Geraud Second Decl. at ¶¶ 10-11; Geraud Decl. at ¶¶ 8-12.) Most significantly, the proffered evidence demonstrates that the Plaintiff herself (or someone with custody and control of her phone) had to verify her phone number prior to receiving any marketing contact. (Geraud Second Decl. at ¶¶ 13-18; Geraud Decl. at ¶¶ 10-13, 18-20.)

Plaintiff, by contrast, offers only her self-serving blanket denial that she submitted the inquiry. (*See* Pl.'s Decl. at ¶¶ 2-16.)  But a self-serving declaration does not automatically create a jurisdictional fact dispute that precludes dismissal—particularly where objective technical evidence substantially contradicts the plaintiff's account. Plaintiff's Opposition ultimately reduces to a blanket denial that she submitted the inquiry, verified the number, or transmitted the subsequent STOP responses—despite contemporaneous records reflecting each step of that process. Courts confronting factual standing challenges routinely reject attempts to manufacture jurisdiction through conclusory assertions unsupported by the evidentiary record. *See Cohan v. Texas Roadhouse Holdings LLC*, 635 F. Supp. 3d

1341, 1349 (S.D. Fla. 2022) (concluding that plaintiff's claim of injury in an ADA claim failed when compared with objective records before the court.) *Green-Cooper v. Brinker Int'l, Inc.,* 73 F.4th 883, 891 (11th Cir. 2023) (finding no injury where the extrinsic facts before the court firmly contradicted the allegations made by the plaintiff.) Once standing is factually challenged, Plaintiff bears the burden of coming forward with competent evidence supporting jurisdiction. Plaintiff has failed to do so here.

**B. Plaintiff's Express Consent Negates any Injury and Defeats Traceability.**

Plaintiff argues that she suffered a concrete injury because unwanted calls and text messages allegedly violate the TCPA. (*See* Compl.) But Article III standing requires more than the mere receipt of a communication. It requires an injury fairly traceable to unlawful conduct by the defendant. Where a plaintiff expressly consented to receive the communications at issue, there is no actionable invasion of privacy and no injury traceable to the defendant.

That principle is reflected in *Hall v. Xanadu Marketing, Inc.* 682 F. Supp. 3d 1278, 1286 (N.D. Ga. 2023). There, the defendant submitted evidence establishing that the plaintiff visited a website, submitted her contact information, consented to automated communications, and thereafter received the challenged text messages. *Id.* at 1283-84. The court held that the plaintiff lacked standing because any alleged

6

invasion of privacy was traceable to her own conduct in requesting the communications rather than unlawful conduct by the defendant. *Id*. at 1286.

The same reasoning applies here. Defendant submitted objective evidence demonstrating that Plaintiff's phone number was submitted through an online inquiry form expressly authorizing automated communications. Plaintiff cannot manufacture a TCPA injury by requesting communications and then later characterizing those same communications as unsolicited.

Plaintiff's attempt to distinguish *Hall v. Xanadu Marketing, Inc*. is likewise unpersuasive. Plaintiff argues *Hall* is distinguishable because the plaintiff there did not submit a declaration expressly denying consent. (Pl.'s Opp'n at 7-8.) But that is a distinction without a difference; and importantly, one which has no legal application here. The court's decision in *Hall* did not rely upon the absence of a denial. Rather, the court recognized that when resolving factual Rule 12(b)(1) challenges it was required to evaluate the evidentiary record and determine whether the alleged injury was actually traceable to the defendant's conduct. *Hall,* 682 F. Supp. 3d at 1284-86. The court then concluded that the evidence submitted by the defendant established that the injury, if any, was the result of Plaintiff's conduct rather than any conduct of the defendant. *Id*. Specifically, the defendant submitted evidence demonstrating that the plaintiff visited a website, submitted her information through an online form, and consented to automated communications.

*Id.* at 1283-84. The court, based on this evidence, concluded that any alleged injury was traceable to the plaintiff's own conduct rather than unlawful conduct by the defendant. *Id.* at 1285-86. That is precisely this situation before this Court.

That principle is particularly important here because Plaintiff's alleged injury depends upon characterizing the communications as unauthorized. But when the communications were requested through an online inquiry form authorizing contact, there is no unlawful intrusion upon privacy. *See id*. Plaintiff's subjective annoyance at receiving communications she herself requested is insufficient to establish Article III standing.

Other courts evaluating Article III standing in TCPA cases have recognized that consent can defeat any alleged injury flowing from the challenged communications and thus preclude standing. For example, in *Winner v. Kohl's Department Stores, Inc.,* the district court recognized that prior consent defeats a TCPA claim under Rule 12(b)(1) because communications made pursuant to consent are not unlawful intrusions upon privacy. No. CV 16-1541, 2017 WL 3535038, at *8 (E.D. Pa. Aug. 17, 2017).

As in *Hall* and *Winner,* dismissal is warranted here. Plaintiff's unsupported denial does not require the Court to disregard objective evidence establishing consent. Under settled Eleventh Circuit authority, the Court may independently

evaluate the record, weigh the evidence presented, and reject implausible jurisdictional allegations contradicted by competent evidence.

## C. Defendant Honored Plaintiff's Revocation Within a Reasonable Time and Plaintiff Fails to Plead Any Injury Traceable to a TCPA Violation.

Plaintiff next argues that whether Defendant honored her revocation request within a "reasonable time" presents a factual question unsuitable for dismissal. (Pl.'s Opp'n at 8-13.) But even accepting that the TCPA does not create an absolute categorical "safe harbor," Plaintiff still must plausibly allege facts demonstrating that Defendant acted unreasonably. She has not done so.

By Plaintiff's own allegations, Defendant ceased all communications within approximately three to four days of the alleged revocation request, and the total number of alleged contacts consisted of only five calls. (Compl. at ¶ 34.) Those allegations do not plausibly establish unreasonable conduct, particularly where the TCPA's regulatory framework expressly contemplates a reasonable processing period. *See* 47 C.F.R. § 64.1200(a)(10) (revocation requests must be honored within a reasonable time not exceeding ten business days).

Plaintiff is correct that the regulation does not create a categorical safe harbor automatically immunizing all communications occurring within a fixed period following revocation. But that does not relieve Plaintiff of the burden to plausibly allege unreasonable conduct. Plaintiff's theory effectively assumes that any communication sent after revocation—regardless of timing, context, or volume—

automatically establishes a TCPA violation. That is inconsistent with the regulation's reasonableness framework.

Several courts have dismissed TCPA claims where the alleged facts established that revocation requests were honored within a reasonable time as a matter of law. *See Wolfkiel v. Intersections Ins. Servs. Inc*., 303 F.R.D. 287, 292 (N.D. Ill. 2014) (holding "[o]ne day is a reasonable grace period" and dismissing TCPA claim where no additional calls were alleged after one day); *Orsatti v. Quicken Loans, Inc.,* No. 2:15-CV-09380-SVW-AGR, 2016 WL 7650574, at *6 (C.D. Cal. Sept. 12, 2016) (granting Rule 12(b)(6) dismissal where plaintiff alleged revocation during first June 2015 call and only one additional call later that same month because the regulation "allows the Defendant a reasonable time to honor the request"); *Barr v. Macys.com*, LLC, No. 1:22-CV-07867-ALC, 2023 WL 6393480, at *5 (S.D.N.Y. Sept. 29, 2023) (dismissing claim based on one additional text sent three days after plaintiff texted "STOP"); *Crews v. Sun Solutions AZ LLC*, No. CV-23-01589-PHX-DWL, 2024 WL 2923709, at *4 (D. Ariz. June 10, 2024) (finding two text messages sent eleven days after revocation request "were not actionable" because they fell within the regulatory grace period); *Simmons v. Charter Comm's, Inc*., 222 F. Supp. 3d 121, 140 (D. Conn. 2016) (no liability, even though plaintiff "received three additional calls" after making do-not-call request, because the defendant "honored Simmons' request within 30 days").

10

All of those cases recognize the practical reality that some administrative processing time is both expected and reasonable under the TCPA's regulatory scheme. Generally, federal courts will not determine reasonableness as a matter of law unless no reasonable person could differ on the outcome. *See Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1280 (11th Cir. 2017). Here, no reasonable mind could differ in concluding that under the circumstances, Defendant's conduct was reasonable.

That conclusion is particularly appropriate here given the objective evidence establishing that Plaintiff initially requested the communications at issue.[1] Defendant has submitted competent evidence demonstrating that Plaintiff herself initiated the inquiry giving rise to the challenged communications. Even assuming Plaintiff later revoked consent, the Complaint alleges only a brief administrative delay before communications stopped altogether.

---

[1] Notably, and relevant to this Court's determination of the credibility of Plaintiff's claim that she did not submit the inquiry, Plaintiff and her counsel filed almost the same exact lawsuit against another defendant, wherein she similarly denied submitting any request for information, despite the face of that complaint also suggesting that the request at issue was in response to her customer inquiry. *See* Compl. at ¶¶ 29-30, *Ankrah v. Streamline Funding, LLC d/b/a Fundible*, No. 1:26-mi-99999-UNA (N.D. Ga. filed Feb. 10, 2026) (asserting TCPA claims based on alleged unsolicited telemarketing calls and texts). The Court may take judicial notice of this lawsuit pursuant to *Hayden v. Vance*, 708 F. App'x 976, 979 (11th Cir. 2017). *See also United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

11

The TCPA does not impose strict liability for every communication occurring during a short and objectively reasonable processing period. Nor does Article III permit a plaintiff to manufacture standing based upon a minimal and temporary delay in processing a revocation request—particularly where the plaintiff initially consented to the communications in the first instance. That is insufficient to plausibly establish either an unreasonable delay under the TCPA or an injury fairly traceable to unlawful conduct by Defendant. Dismissal is therefore warranted.

## III.   CONCLUSION

In light of the foregoing, the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1).

Respectfully submitted this 11th day of May, 2026.

**KABAT CHAPMAN & OZMER LLP**

*/s/ Aaron A. Wagner*
Aaron A. Wagner
Georgia Bar No. 867812
awagner@kcozlaw.com
Nathan D. Chapman
Georgia Bar No. 244945
nchapman@kcozlaw.com
KABAT CHAPMAN & OZMER, LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Tel: (404) 370-7300
Fax: (404) 400-7333
*Attorneys for Defendant*

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 11, 2026, I electronically filed the foregoing **Reply in Support of Defendant's Motion to Dismiss with Supporting Declaration** using the Court's CM/ECF system, which will automatically send e-mail notification to all attorneys of record.

*/s/ Aaron A. Wagner*
Aaron A. Wagner
*Attorney for Defendant*

14